UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| VICTOR L. DURDEN<br>DOC #444754 | : | CIVIL ACTION NO. 5:17-cv-214<br>SECTION P |
| VERSUS | : | JUDGE ELIZABETH E. FOOTE |
| JUDGE EUGENE BRYSON | : | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed *in forma pauperis* by plaintiff Victor L. Durden ("Durden"). Durden is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Louisiana State Penitentiary in Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### I.
### BACKGROUND

In 2001, Durden was convicted by a jury of armed robbery.[1] In 2002, he was sentenced to 49 ½ years in prison as a second felony offender. *Id.* His sentence and conviction were affirmed on appeal, and the Louisiana Supreme Court denied writs in 2003. *Id.* at 6-7. His application for post-conviction relief was denied by the trial court and writs were denied by the court of appeal and the Louisiana Supreme Court. *Id.* at 7. His application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, filed in 2006, was denied as was his motion for leave to file a second or successive § 2254 application.[2]

---

[1] See *Durden v. Cain*, 2:06-cv-277, United States District Court, Western District of Louisiana, Shreveport Division, doc. 1, att. 2, p. 6.
[2] *Durden v. Cain*, 2:06-cv-277, docs. 17 & 27.

1

Durden filed the present matter claiming that Judge Bryson deprived him of "his 8th and 14th Amendment Rights to the Louisiana and United States Constitution." Doc. 1, att. 1, p. 2. He argued that the "indictment does not charge a crime" as "an essential element of armed robbery is that an individual be the victim. . . . [t]herefore the naming of some building or corporation which suffered a loss by theft is not sufficient to charge a robbery." *Id.* at 9. He further stated that "[t]he information itself, if strictly construed, charged, no crime (one cannot Rob a Building or a Corporation, because such cannot be put in fear of bodily harm)." *Id.* at 9.

Durden's original complaint was deficient in several aspects. Thus, on July 7, 2017, this court issued a memorandum order directing him to provide information/documentation in support of his claims. Doc. 5. The court also advised him that his sole defendant, Judge Bryson, had absolute immunity for acts done within the scope of his jurisdiction. *Id.* at 3-4. Durden was further advised that to the extent that he sought release from custody, such request constituted relief required to be brought before the court pursuant to a writ of *habeas corpus*. *Id.* at 4. Durden filed an amended complaint on July 18, 2017, wherein he dismissed his claims against Judge Bryson, and named the First Judicial District Court of Caddo Parish, Louisiana, as his defendant. Doc. 6. He also acknowledged that immediate or speedier release from custody was not properly brought in a civil rights matter. *Id.* at 1. Nevertheless, he requested "an injunction be made . . . . [his] Civil Rights Complaint be granted, [his] conviction and sentence set aside [and] remanded back to the First Judicial District Court, for New Trial." *Id.*

## II.
### LAW AND ANALYSIS

**A. Frivolity Review**

Durden has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under

28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii); *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

**B.  42 U.S.C. § 1983**

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law. *West v. Atkins,* 108 S. Ct. 2250, 2254-55 (1988).

**C.  Juridical Entity**

Durden's sole defendant in this matter is now the First Judicial District Court of Caddo Parish, Louisiana. Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue or be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Louisiana, an entity must qualify as a "juridical person" before it may be sued.

3

*Llano,* 930 So.2d 251, 254 (La. App. 3d Cir. 2006) (citations omitted). A "juridical person" is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24.

This court has previously recognized that a Louisiana Judicial District Court is not a juridical person or entity capable of being sued. *See Dupree v. Fourth Judicial Dist. Court*, 2012 WL 5438955 (W.D. La. 9/24/12)(Report and Recommendation), citing to *Moity v. Louisiana State Bar Association,* 414 F. Supp. 180, 182 (E.D. La. 3/3/76) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir. 1976) and, 2012 WL 5438948 (W.D. La. 11/7/12)(Judgment). *See also Williams v. Kansas, et al*, 2014 WL 6065613(E.D. La. 11/12/2014)(Order and Reasons)("This Court finds that the 22nd Judicial District Court lacks the capacity to be sued.").

Consequently, the First Judicial District Court is not a proper defendant in this action, and Durden's claims against the court should be dismissed, with prejudice, as frivolous. *See Darby v. Pasadena Police Dept.,* 939 F.2d 311 (5th Cir.1991) (affirming district court's dismissal, with prejudice, of defendant that could not be sued as an independent entity).

**D.** *Habeas Corpus* **Relief**

Durden's complaint was filed pursuant to 42 U.S.C. § 1983. However, the "injunctive" relief that he requests in his amended complaint is an order setting aside his state court conviction and ordering a new trial. While he states that he is not seeking an immediate or speedier release from custody, the relief he seeks is the relief that he would obtain in a successful *habeas* suit. Simply using the term injunction does not allow Durden to circumvent *Preiser v. Rodriguez*, 93 S. Ct. 1827, 1841-42 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*"), and the long line of cases that follow. *See Cook v. Texas Dept. of Criminal Justice Planning Dep't*, 37

F.3d 166, 168 (5th Cir. 1994) (holding that *habeas corpus* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement); *Calderon v. Ashmus*, 118 S. Ct. 1694, 1699 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code."). Durden's claims in this regard cannot be maintained under § 1983.

Further, as previously stated, Durden has already unsuccessfully challenged his conviction and sentence in an earlier federal *habeas* proceeding, and his motion for leave to file a second or successive § 2254 application was denied. Thus, even if Durden's claims were before this court in a § 2254 application, this court would not have jurisdiction to consider it in the light of the fact that he did not obtain prior authorization from the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A), which provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Although § 2244(b) does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

### E. *Heck v. Humphrey* Considerations

Durden is also advised that even if his claims could be maintained in a civil rights action in which he sought monetary damages (which he has not) for his alleged illegal continuing confinement, he has not demonstrated that his imprisonment has been declared invalid or called into question as required by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court stated:

5

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*.

Claims barred by *Heck* are legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996). A federal judgment in Durden's favor on his claims herein would necessarily imply the invalidity of his state conviction on the underlying criminal charges. Therefore, *Heck* would bar such claims until such time as he obtains a favorable disposition on the criminal charges.

### III.
#### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITH PREJUDICE** as legally frivolous in that the defendant is not a juridical person, or in the alternative **WITHOUT PREJUDICE** because the instant complaint constitutes a second or successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals. Further in the alternative, **IT IS RECOMMENDED** that this matter be dismissed **WITH PREJUDICE under *Heck v. Humphrey*,** until such time as the petitioner obtains a favorable disposition on the criminal charges.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 26th day of September, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE